UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**STEVEN VINCENT SANN**,

Debtor.

Case No. **14-61370-7**

# MEMORANDUM OF DECISION

At Butte in said District this 19th day of January, 2016.

After due notice, a hearing was held at Missoula on January 7, 2016, on the Debtor's Motion, filed on September 25, 2015 (Document No. 424) which seeks to Amend this Court's Order entered on September 14, 2015 (Doc. 414) which denied Debtor's applications to approve employment *nunc pro tunc* of attorneys Andrew B. Lustigman ("Lustigman") and the law firm of Olshan Frome Wolosky LLP, and Michael J. Sherwood ("Sherwood") and the firm of Michael J. Sherwood, P.C. The Montana Department of Revenue ("MDOR") filed a response in opposition to Debtor's Motion to Amend arguing the Debtor failed to demonstrate extraordinary circumstances or clear error warranting amendment. Debtor's attorney James A. Patten ("Patten") of Patten, Peterman, Bekkedahl & Green, P.L.L.C., of Billings, appeared at the hearing in support of Debtor's Motion to Amend. The MDOR was represented by special assistant attorney general Amanda L. Myers. No testimony or exhibits were offered by Debtor in support of

his Motion. The Court heard argument of counsel, and at the conclusion of the hearing the Court took the Debtor's Motion under advisement. After review of the record and applicable law, Debtor's Motion to Amend will be denied by separate Order for Debtor's failure to satisfy the requirements for reconsideration.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a). Debtor's to Amend Order involving denial of approval of employment of professionals by the estate is a core proceeding concerning administration of the estate under 28 U.S.C. § 157(b)(2)(A).

The background facts are set forth in this Court's Order, Doc. 414, which denied Debtor's applications to approve special employment of Lustigman and Sherwood *nunc pro tunc* based upon Lustigman's testimony at the hearing on July 28, 2015, that the Trustee's interests in the case *Federal Trade Commission v. American eVoice, Ltd., et al.*, Cause No. 9:13-cv-00003-DLC are adverse to the Debtor's interests, the Court reasoning "it necessarily follows that if the Trustee's interests are adverse to Debtor's, so too are the bankruptcy estate's." Doc. 414, p. 6. Based on Lustigman's testimony, this Court concluded that his and Sherwood's representation of Debtor in *Federal Trade Commission v. American eVoice, Ltd., et al.*, Cause No. 9:13-DLC is adverse to the bankruptcy estate, and denied the Debtor's applications to approve special employment of them *nunc pro tunc.* Doc. 414, p. 7.

Debtor filed his Motion to Amend on September 25, 2015. Debtor's Motion

argues that this Court's Order included an erroneous finding regarding the period of time the case was pending between the commencement and the filing of Debtor's employment applications, that the Court overlooked that the employment applications were filed before conversion and before the adverse interest arose, that the Court also overlooked that upon conversion Debtor's professionals were no longer representing the estate and overlooked the stipulation between Debtor's counsel Samuel Schwartz ("Schwartz") and the U.S. Trustee ("UST") which reduced Schwartz's fees accruing between the commencement of the case and the filing of his fee application in order to resolve the UST's objections.

At the hearing Patten repeated that any adverse interest arose at the time of conversion of the case to Chapter 7. In response to enquiry by the Court, Patten clarified that the Debtor still requests approval of employment of Sherwood and Lustigman *nunc pro tunc*; but Patten admitted that he had "no good explanation" for Debtor's failure to request timely approval of employment of Lustigman and Sherwood at the commencement of the case. MDOR's attorney Myers disagreed with Debtor's counsel that the adverse interests arose only after conversion of the case and argued that the Sherwood and Lustigman's representation was for the Debtor's own personal interests, not the interests of the estate.

### DISCUSSION

"A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R. Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier Forest Prods.*, 122 B.R. 119, 121-122 (D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988).

Debtor's attorney Patten offered no witness testimony or exhibits at the hearing on January 7, 2016. Thus, the Court was not presented with any newly discovered evidence. Neither is there a showing or argument that there was any intervening change in the controlling law justifying reconsideration.

Debtor argues that this Court committed clear error in its calculation of the time period from the commencement of the case to the date the Debtor filed his applications to employ Lustigman and Sherwood *nunc pro tunc*. Debtor is correct. This Court wrote that over one and one-half years passed between the date of commencement of the case and the filing of the *nunc pro tunc* employment applications. Doc. 414, p. 2. The petition date was September 29, 2014, and Debtor filed the *nunc pro tunc* employment applications for Lustigman and Sherwood on April 15, 2015. Thus, instead of one and one-half years, the correct time period is just over six and one half months. That difference is not material, however, because the applications still sought *nunc pro tunc* approval of employment of professionals, and whether the delay was a year and a half or six and one-half months "professionals who perform services for a debtor in possession cannot recover fees for those services rendered to the estate unless those services have

4

been previously authorized by a court order." *In re Atkins*, 69 F.3d 970, 973 (9th Cir. 1995).

Attorneys seeking retroactive employment must establish the presence of "exceptional circumstances," and in particular must satisfy two requirements: They must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner. *Atkins*, 69 F.3d at 974; *Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.)*, 40 F.3d 1059, 1062 (9th Cir. 1994) (finding retroactive approval inappropriate where these two conditions were not met); *Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.*, 837 F.2d 389, 392 (9th Cir. 1988) (affirming denial of retroactive approval where these two conditions were not satisfied) (citations omitted). The stipulation between Schwarz and the UST resolving the UST's objections to fees does not relieve the Debtor of the burden of showing exceptional circumstances. *Atkins*, 69 F.3d at 974; *Occidental Fin. Group, Inc.*, 40 F.3d at 1062; *THC Fin. Corp.*, 837 F.2d at 392.

At the January 7, 2016, hearing Patten responded to the Court's enquiry about the Debtor's failure to obtain prior court approval of his employment of Lustigman and Sherwood by stating that the Debtor has "no good explanation" for the failure. Given that admission and with no evidence offered at the hearing in support, this Court has nothing upon which it could base a finding that the Debtor satisfactorily explained his failure to receive prior judicial approval of his employment of Lustigman and Sherwood.

The Debtor having failed to satisfactorily explain his failure to receive prior judicial approval, the Court must conclude that Debtor failed to demonstrate the "exceptional circumstances" required for retroactive approval of employment of

Lustigman and Sherwood. *Atkins*, 69 F.3d at 974; *Occidental Fin. Group, Inc.*, 40 F.3d at 1062; *THC Fin. Corp.*, 837 F.2d at 392. Debtor's other arguments regarding this Court's errors in its Order asserting that the Debtor's interests are adverse to the Trustee's and therefore the estate's interests in *Federal Trade Commission v. American eVoice, Ltd., et al.*, Cause No. 9:13-cv-00003-DLC, are not sufficient to overcome Debtor's admitted failure to demonstrate exceptional circumstances required in the Ninth Circuit under *Atkins* and *THC Fin. Corp., supra*, and therefore are unavailing.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Debtor's Motion to Amend (Doc. 424).

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge