UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**STEVEN VINCENT SANN,**

Debtor.

Case No. **14-61370-7**

# MEMORANDUM OF DECISION

At Butte in said District this 10th day of February, 2016.

After due notice, a hearing was held at Missoula on February 4, 2016, on the Debtor's motion, filed on December 31, 2015 (Document No. 494) to stay all proceedings in the above-captioned Chapter 7 bankruptcy case until after his release from federal prison. The Debtor Steven Vincent Sann ("Sann"), who currently is incarcerated at Taft, California, was represented at the hearing[1] by attorneys James A. Patten ("Patten") of Billings, Montana, and by Samuel A. Schwartz ("Schwartz") of Las Vegas, Nevada. Objections to Debtor's motion to stay proceedings were filed by the Trustee, by the United States of America Federal Trade Commission ("FTC"), and by the Montana Department of Revenue ("MDOR"). The Trustee was represented at the hearing by attorney Trent M. Gardner ("Gardner") of Missoula. The MDOR was represented by special assistant attorney general Amanda L. Myers. The FTC was represented by attorney Michael P. Mora ("Mora") of Washington, D.C. No testimony or exhibits were admitted. The Court heard argument of counsel, after which the Court deemed the Debtor's motion submitted and took it under advisement. After review, this Court denies

---

[1] After the hearing, Patten and Schwartz were permitted to withdraw as Debtor's counsel.

1

Debtor's motion to stay proceedings in this case, in the exercise of its discretion, for the reasons set forth below.

This Court has exclusive jurisdiction in this Chapter 7 bankruptcy case, which was converted from a case under Chapter 11 by Memorandum of Decision (Document No. 248) and Order (Doc. 250) entered on April 29, 2015, under 28 U.S.C. § 1334(a). Debtor's motion to stay proceedings in this case is a matter concerning administration of the estate and therefore is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Few material facts are disputed; the facts are stated in this Court's Memorandum of Decision (Doc. 248, pages 3-14). Sann commenced this bankruptcy as a chapter 11 case in Las Vegas, Nevada, but venue was transferred to this district. The FTC filed a civil complaint against Sann in January of 2013, in the United States District Court for the District of Montana, Missoula Division, No. CV 13-3-M-DLC (hereinafter the "civil case") seeking a permanent injunction and equitable relief against Sann, including imposition of a constructive trust, and alleging that Sann engaged in deceptive business practices.

According to counsels' statements at the hearing, trial of the civil case is scheduled to begin after Sann is released from federal prison on March 20, 2017. Patten admitted that Sann, while in federal prison, has filed a pleading in the civil case. FTC's counsel Mora informed the Court that discovery is proceeding in the civil case, as well as dispositive motions.

A criminal indictment was filed against Sann in September of 2013 in the United States District Court for the District of Montana, No. CR 13-43-M-DLC, asserting several felony criminal counts. Sann pleaded guilty to two felony counts, including wire fraud, in return for dismissal of all other counts. The district court accepted Sann's guilty plea to two felony counts,

and in addition his forfeiture of $500,000 in property involved in money laundering charges. Sann was sentenced to two years of imprisonment which he currently is serving in Taft, California, with a release date in early 2017.

When this Court converted the case to Chapter 7, rather than dismissing the case or appointing a trustee in chapter 11, its decision was based in part on Sann's gross mismanagement of the estate, substantial and continuing loss to or diminution of the estate, diversion of funds subject to an asset freeze imposed by the district court, and this Court's conclusion that conversion is in the best interests of creditors and the estate because a trustee could seek recovery of unauthorized transfers of money and property to Sann's family members and attorneys.  *See* Doc. 248.

After conversion a Trustee was appointed and has initiated several adversary proceedings to recover property.  In addition the Trustee filed and served Adversary Proceeding No. 16-00005 seeking denial of Sann's discharge under 11 U.S.C. §§ 727(a)(2)(B), 727(a)(6)(A), and 727(a)(3). A summons was issued, and service of process was made to Sann at his regular mailing address of record and to his address while incarcerated at Taft Correctional Institution in California.  The time for Sann to file an answer has not expired.

Patten argued that Debtor's motion to stay all proceedings should be granted because Sann cannot meaningfully participate in the several pending adversary proceedings, including Adv. No. 16-5, because of his incarceration, which prevents him from meaningfully participating in discovery.  Thus, Debtor argues he is not being afforded due process.

FTC and MDOR joined the Trustee in objecting to Debtor's motion to stay proceedings. Trustee's counsel admitted at the hearing that certain problems are possible regarding obtaining

Sann's testimony for trial while he is incarcerated, but stated that the Trustee could preserve Sann's testimony by deposition.  Sann's attorney admitted and conceded that the Trustee needs to administer estate assets, but notwithstanding continued to argue for a stay of all proceedings.

MDOR's counsel Myers argued for MDOR's objection to a stay, and informed the Court that the MDOR intends to commence its own adversary proceeding objecting to Sann's discharge.[2]  At the hearing Myers stated that MDOR would consent to stay the trial of the objection to discharge, but wants discovery to be allowed to go forward.

FTC's counsel Mora argued against a stay of administration of the estate, stating that FTC can negotiate with the Trustee regarding FTC's claim of constructive trust.  As for the Trustee's objection to discharge, FTC opposes a stay and wants discovery and dispositive motions to go forward.

Patten argued that Sann is allowed only one meeting with his attorney each month while Sann is incarcerated.  The Court notes that Patten and Debtor's Nevada bankruptcy attorney have since withdrawn as Debtor's counsel in this case.  The case docket in Adv. Pro. No. 16-5 shows that Sann is pro se.

## DISCUSSION

This case was converted to Chapter 7, as discussed above and in Doc. 248, based upon Sann's gross mismanagement of the estate, substantial and continuing loss to or diminution of the estate, diversion of funds subject to an asset freeze imposed by the district court, and for a trustee to seek recovery of unauthorized transfers of money and property to Sann's family members and attorneys.  No request for reconsideration was filed of this Court's conversion

---

[2]To date, MDOR has not filed its adversary complaint.

4

order. However, Sann filed an appeal of this Court's conversion order, Doc. 270., which is presently pending before the U.S. District Court for the District of Montana, Case No. 9:15-cv-00057-DLC.

Sann has a duty as a debtor under 11 U.S.C. § 521(a)(3) to cooperate with the Trustee serving in this case "as necessary to enable the trustee to perform the trustee's duties under this title." The Trustee's duties under 11 U.S.C. § 704 include to collect and reduce to money the property of the estate and close the estate "as expeditiously as possible as is compatible with the best interests of parties in interest[.]"

Given the reasons this case was converted to Chapter 7, as this Court stated at the hearing, no reasons exist to stay administration of this case based upon Sann's present incarceration. The Trustee, MDOR and FTC all want administration of the estate to go forward. If the Trustee wishes to proceed with administration notwithstanding Sann's incarceration, and only Sann objects and seeks a stay, the Court views his motion to stay proceedings as merely a continuation of his efforts to delay and prevent the Trustee's performance of her statutory duties. Such an objection is inconsistent with Sann's duties as Debtor under § 521(a)(3) to cooperate. He has duties, not a choice, under the Bankruptcy Code.

Further, administration of the estate by the Trustee already is tempered by the FTC's claim of constructive trust. That claim will be litigated and decided in the district court, for which trial is scheduled to begin in approximately 13 months. If the Trustee were to proceed with administration and distribution of estate assets, and the FTC thereafter was to prevail on its claim of constructive trust, the Trustee could find herself having to claw back any distribution from creditors. The circumstances of this case and other pending litigation already provide a

brake on administration; consequently, a stay of all administration is neither necessary given the FTC's inchoate claim nor appropriate.

Turning to Adv. Pro. No. 16-5 and the Trustee's objection to discharge, Sann contends that since he is incarcerated he is unable to meaningfully participate and, thus, is being deprived of due process. FTC and MDOR argue that an incarcerated person has no constitutional right to appear in person.

The Court notes that Adv. Pro. No. 16-5 is in its initial stages. Sann's time for filing an answer has not expired. In addition, Sann is listed on the case docket as pro se. Patten and Schwartz never were his attorneys of record in Adv. No. 16-5.

The docket shows that Sann has been served with process at the address in federal prison provided by his then-counsel of record. The United States Supreme Court explained due process as follows: "Due requires notice 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010); *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314; *see also Blendheim v. HSBC Bank USA, N.A. (In re Blendheim)*, 803 F.3d 477, 498 (9th Cir. 2015).

As to Sann's main argument for a stay, "[a] primary purpose of the notice required by the Due Process Clause is to ensure that the opportunity for a hearing is meaningful." *City of W. Covina v. Perkins* (1999), 525 U.S. 234, 240 (citing *Mullane*, 339 U.S. at 314). The current status of Adv. Pro. No. 16-5 shows nothing which prevents Sann from a meaningful opportunity for a hearing.

Since the commencement of Adv. Pro. No. 16-5 Sann has been listed as pro se. Nothing

done by the Trustee, MDOR, or the FTC, prevents Sann from obtaining counsel in Adv. Pro. No. 16-5. If Sann chooses to remain pro se that is his right, but "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *cert. denied*, 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985) (overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)). This Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants"). On the other hand, courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. L.A. Cty*, 339 F.3d 920, 925 (9th Cir. 2003); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Sann's counsel argued that his incarceration prevents him from meaningful participation in discovery and preparation for trial. On their part, the Trustee, MDOR and FTC suggest that trial may not be necessary and the objections to discharge may be disposed of by motion. Such suggestion, however, would require the moving party to overcome applicable burdens and presumptions against summary judgment and in favor of discharge.[3] In the civil case, it is undisputed that Sann has managed to prepare and file a pleading in that case, which is proceeding to trial in the district court in March of 2017. Adv. Pro. No. 16-5 is in the preliminary stages. Sann has been served with process; he is free to file an answer as he has done when he filed a pro se pleading in the civil case. MDOR has not commenced its adversary proceeding.

---

[3] At the hearing the Trustee recognized the need to preserve testimony by deposition, which might otherwise be unavailable.

7

With respect to discovery, the complaint in Adv. Pro. No. 16-5 recites three claims for relief under § 727, which are based on Sann's own Schedules and Statements, Sann's monthly operating reports, on orders entered by this Court in the instant bankruptcy case, and on a charitable trust agreement which Sann entered into with Bibliologic, LTD. These are documents readily available to Sann, or prepared for Sann supposedly with his knowledge and participation. He is or should be already familiar with and have possession of these documents; nothing prevents him from issuing his own discovery requests.

In sum, this Court sees nothing preventing Sann from meaningful participation in Adv. 16-5 or other prospective discharge proceedings despite his incarceration and his pro se status.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above, sustaining the objections and denying Debtor's motion to stay proceedings, filed on December 31, 2015 (Doc. 494).

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge