UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**STEVEN VINCENT SANN,**

Debtor.

Case No. **14-61370-7**

# MEMORANDUM OF DECISION

At Butte in said District this 5th day of April, 2016.

In this Chapter 7 case, after notice a show cause hearing was held at Missoula on March 10, 2016, on the Trustee's Motion (Document No. 419) for an order requiring the Debtor Steven Vincent Sann ("Debtor" or "Sann") to show cause why he should not be held in contempt for failing to fully comply with a turnover Order. The Debtor filed objections (Doc. 432 & 583) contending that he was given improper notice; that he turned over all funds available to him and is unable to cooperate or provide further information to the Trustee; and that he is unable to appear and defend himself at the show cause hearing due to his incarceration in federal prison. The Trustee Christy L. Brandon appeared and testified at the hearing, represented by attorney Kyle W. Nelson of Goetz, Baldwin & Geddes, P.C., of Bozeman, Montana. No appearance was made by or on behalf of the Debtor, who currently is pro se after withdrawal of his attorneys. Exhibits ("Ex.") 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 were admitted into evidence. At the conclusion of the Trustee's case-in-chief the Court took the Trustee's Motion for contempt under advisement. After review of the Trustee's Motion and Debtor's objections, the record and applicable law, the Court will grant the Trustee's Motion and hold the Debtor Steven Vincent

1

Sann in civil contempt for failing to comply fully with this Court's turnover Order (Ex. 1).

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a). The Trustee's Motion to hold Debtor in contempt is a core proceeding under 28 U.S.C. § 157(b)(2) involving administration of the estate and an order to turn over property of the estate.

## BACKGROUND FACTS & PROCEDURAL HISTORY

The Debtor filed a voluntary chapter 11 petition in Las Vegas, Nevada, on September 29, 2014. The creditor Federal Trade Commission ("FTC") filed a motion to transfer venue of the case to the United States Bankruptcy Court for the District of Montana. After a hearing, the bankruptcy court in Nevada transferred venue of this case to the District of Montana on November 20, 2014. The court in Nevada noted that one of the Debtor's primary purposes for filing his bankruptcy in Nevada appeared to be to escape the exercise of jurisdiction by the Article III Court in Montana, and "that is exactly the kind of forum shopping that ought not to occur."[1]

On April 29, 2015, this Court granted the United States Trustee's motion to convert and converted this case to a case under Chapter 7. The Court found that "cause" was established under 11 U.S.C. § 1112(b)(4), and that conversion was in the best interests of creditors and the estate because of Debtor's excessive monthly "draws" for living expenses which were a substantial and continuing loss to and diminution of the estate; gross mismanagement of the estate shown by Debtor's diversion of funds carved out of an asset freeze imposed by the federal district court in Montana, which were authorized for payment of mortgages and used instead to pay Sann's attorneys; Debtor's unexcused failure to file timely monthly operating reports and

---

[1] Memorandum of Decision entered in this case on April 29, 2015 (Doc. 248, p. 10).

Form B26; and Debtor's failure to file a disclosure statement and plan. The Court found that conversion rather than dismissal was in the best interests of creditors and the estate. Debtor's appeal of the Order converting the case was unsuccessful. The order converting the case to Chapter 7 recently was affirmed by district court.

Christy L. Brandon was added to the case as Chapter 7 Trustee on April 30, 2015, and immediately filed an asset notice and request for claims bar date. Debtor filed his amended Schedules and Statements on May 22, 2015.

The Trustee filed a motion for turnover of estate property on June 19, 2015, requesting that Debtor turn over a tax refund from the IRS in the amount of $78,400.00, all funds in the bank accounts listed in Debtor's Schedules, and all funds received by Debtor pursuant to an "Injunction Order" entered by the United States District Court. Debtor's then-attorney James A. Patten of Billings filed an objection on Debtor's behalf setting the matter for hearing on July 28, 2015. After that hearing the Court entered an Order, Ex. 1, on August 4, 2015, granting the Trustee's motion for turnover. Ex. 1 ordered the Debtor to turn over immediately to the Trustee the following:

1. $78,400 from the IRS tax refund;

2. $38,269.53 from the DIP Account;

3. $626.05 from Account 6474;

4. $10,510.92 from Account 1045;

5. $48,580.74 from Account 7212;

6. $50,145.23 from the Euro Pacific Capital Account;

7. The funds held in Account Nos. 7818, 6505, 5789, 3847, 7809 and 1031 as of

the date of conversion (April 29, 2015). Debtor shall also provide account statements to Trustee showing the balances of these accounts as of the date of conversion;

8. $53,532, which consists of three months of draws (May, June and July) taken from the Sherwood IOLTA Trust Account, post-petition, which funds are property of the bankruptcy estate. If the Debtor has taken any additional funds from estate property, those funds shall also be turned over;

9. The funds now held in the Sherwood IOLTA Trust Account shall be immediately turned over to the Trustee and an accounting of all receipts to and disbursements from that Account shall be prepared and filed with the Trustee, Counsel for the Federal Trade Commission and the Court;

10. The Debtor shall account for any portion of the IRS tax refund that is included in the accounts ordered to be turned over; and

11. Debtor shall have no right to use any estate funds for any purpose.

Ex. 1.

The Debtor did not request reconsideration of this Court's Order, Ex. 1. Debtor did not file an appeal. Debtor's request for stay of all proceedings during his incarceration was denied.

The Trustee testified that the Debtor turned over to her some but not all of the money which the Court ordered turned over. Patten sent the Trustee a letter, Ex. 2, which included a check for approximately $21,000. In addition Debtor transferred by wire transfer, Ex. 11, the sum of $80,248.75 to the Trustee. The Trustee testified that she did not receive any other funds from the Debtor which were ordered turned over by Ex. 1, including the Euro Pacific Capital Account and a debenture. She testified that the Debtor has not assisted her at all in recovering the investment account or a debenture which was sent to the Debtor instead of the Trustee.

On September 24, 2015, the Trustee filed her instant Motion seeking to hold the Debtor in contempt for failure to comply with Ex. 1. The Motion alleges that the Debtor has failed to

4

turnover between approximately $20,000 to over $200,000[2] of the funds he was ordered to turn over prior to his incarceration. The Trustee's Motion was served electronically on Debtor's bankruptcy counsel in Las Vegas and Montana counsel Patten.

Patten filed Ex. 3, Debtor's first objection to the Trustee's Motion, on October 8, 2015. In Ex. 3 Patten contended that Debtor cannot obtain the funds from the Euro Pacific Capital Account; that the tax refund was included in the various bank accounts which have been turned over; and that the Debtor's ability to cooperate is impaired due to Debtor's incarceration and so he cannot be held in contempt. In paragraph 5 of Ex. 3 Patten wrote that he notified Debtor and Michael Sherwood that no distributions from Sherwood's IOLTA account were to occur, but that a disbursement had been made earlier in July by a bookkeeper employed by one of Debtor's entities, and that the bookkeeper cashed the check and placed the funds with Debtor's spouse Terry Sann without Debtor's knowledge. Ex. 3.

After a hearing held on February 5, 2016, Debtor's attorneys from Las Vegas and Patten in Montana were permitted to withdraw as Debtor's counsel and notice on the Debtor was deemed sufficient provided he be served at the Taft Correctional Institution in California where he is incarcerated. No subsequent notice of appearance by an attorney representing the Debtor has been filed. Sann is pro se in this contested matter.

The Trustee testified that the Debtor has failed to comply with the turnover Order by the sum of approximately $124,000. Her testimony is uncontoverted.

On March 28, 2016, the Debtor, pro se, filed a second objection to the Trustee's Motion

---

[2] Part of the difference depends on whether a $78,400 IRS tax refund, which Debtor was ordered to turn over, was included in the various bank account balances.

to hold him in contempt. In spite of the fact that Debtor's former attorney Patten filed an objection, Ex. 3, to the Trustee's motion, Debtor's second objection argues that he did not receive notice of the show cause hearing. He further argues that "the Bankruptcy Court did not arrange for Mr. Sann to appear telephonically with Taft Correctional Institution" and that he therefore was prevented from making an appearance and his due process rights would be violated by proceeding with the contempt proceeding.

The Trustee's Motion did not specify what type of sanction she wants imposed against the Debtor for contempt, other than to hold him in contempt. The Trustee testified that she recognizes under controlling authority she cannot surcharge the Debtor's exempt property, but she alluded to leverage she may request in relation to the Debtor's discharge.

## DISCUSSION

Contempt proceedings are governed by F.R.B.P. 9020, which states that F.R.B.P. 9014 governs a motion for an order of contempt made by a party in interest. Prior to Congress reform of Rule 9020 in 1987, bankruptcy courts did not have the inherent power of contempt in the Ninth Circuit. *Plastiras v. Idell (In re Sequoia Auto Brokers, Ltd.)*, 827 F.2d 1281, 1284 (9th Cir. 1987). Subsequent to *Sequoia*, the United States Supreme Court held that courts created by Congress have inherent powers unless Congress intentionally restricts those powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991). The Ninth Circuit later held that with Congress enacting Rule 9020 and § 105(a), *Chambers* supersedes *Sequoia* and bankruptcy courts have the inherent power to sanction for contempt. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284-5 (9th Cir. 1996). The inherent sanction authority allows a court to deter and provide compensation, but not punitive

sanctions, for a broad range of improper litigation tactics, provided that the Court make an explicit finding of bad faith or willful misconduct more egregious than mere negligence or recklessness. *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058-59 (9th Cir. 2009), *cert. denied*, 558 U.S. 1048 (2009); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196-97 (9th Cir. 2003).

In addition, bankruptcy courts have civil contempt authority under § 105(a) to impose civil penalties which must be either compensatory or designed to coerce compliance, but cannot be punitive. *In re Lehtinen*, 564 F.3d at 1058; *In re Dyer*, 322 F.3d at 1192-93 (9th Cir. 2003). Section 105(a) authorizes those remedies "necessary" to enforce the Bankruptcy Code. *In re Dyer*, 322 F.3d at 1193, citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).

To find a party in civil contempt the court must find that the offending party knowingly violated a definite and specific court order. *In re Dyer*, 322 F.3d at 1190-91; *In re Andrus*, 184 B.R. 311, 315-16 (Bankr. N.D. Ill. 1995); *In re Johnson*, 148 B.R. 532, 538 (Bankr. N.D. Ill. 1992). The moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court. *In re Dyer*, 322 F.3d at 1190-91.

This Court finds and concludes that the Trustee has satisfied her burden of showing by clear and convincing evidence that the Debtor knowingly violated a definite and specific order. This Court's Order, Ex. 1, ordered the Debtor to immediately turn over the tax refund, balances from several accounts, the three months of draws taken from the Sherwood IOLTA trust account, and that the debtor has no right to use estate funds for any purpose. The Trustee testified that the Debtor failed to turn over at least $124,000. Her testimony is uncontroverted, clear and

convincing.

Her testimony is corroborated by the Debtor's first objection, Ex. 3, wherein Debtor's attorney admits that he notified the Debtor that no distributions from Sherwood's IOLTA account were to occur, but they had already occurred and an employee of an entity owned by the Debtor had transferred funds to Debtor's spouse.

Under 11 U.S.C. § 521(a)(3), the Debtor has a statutory duty to cooperate with the Trustee as necessary to enable the Trustee to perform her duties. The Debtor failed to satisfy his duty when he or his entities continued to use and spend assets of the estate instead of preserving them for the Trustee. Debtor violated this Court's specific and definite Order, Ex. 1, to turn over approximately $124,000 of funds ordered turned over immediately. Under Ninth Circuit authority, sanctions against the Debtor are appropriate under this Court's civil contempt authority under 105(a).[3] *In re Dyer*, 322 F.3d at 1191-92.

The Court finds that the Debtor's failure to comply with Ex. 1 was willful misconduct, not mere negligence or recklessness, because it continues Debtor's pattern of ignoring court orders when he paid attorneys and continued draws in violation of orders by the Nevada bankruptcy court and the asset freeze imposed by the Montana federal district court. The Debtor will not escape responsibility for his attorney's actions in transferring funds from the trust account. The Debtor voluntarily selected Sherwood and his other attorneys and he cannot avoid the consequences of the acts or omissions of his freely-selected attorney. *Pioneer Inv. Servs. Co.*

---

[3] Inherent sanction authority must be exercised with restraint and discretion. *In re Lehtinen*, 564 F.3d at 1059, quoting *Chambers*, 501 U.S. at 44. Before imposing sanctions under its inherent sanction authority, a court must make explicit findings of bad faith or willful misconduct. *Id.*, citing *In re Dyer*, 322 F.3d at 1196.

8

*v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993); *In re Casey*, 193 B.R. 942, 949 (Bankr. S.D. Cal. 1996).

Debtor's contention that he was not given proper notice is without merit. The Trustee's Motion was served on Debtor by means of electronic service of the Motion on his attorneys of record in Las Vegas and Billings, by the Court's Case Management/Electronic Case Filing (CM/ECF) system. *See* Montana Local Bankruptcy Rule ("Mont. LBF") 2002-1(c). Debtor's attorney Patten filed a detailed objection prior to his withdrawal as Debtor's attorney. Notice sufficient to comport with due process is that which is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Blendheim v. HSBC Bank USA, N.A. (In re Blendheim)*, 803 F.3d 477, 498 (9th Cir. 2015), quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); *Mullane v. Cent. Hanover Bank & Tr. Co.* (1950), 339 U.S. 306, 314.

The fact that Debtor's attorney Patten was able to file an objection to the Trustee's Motion was enough to apprise the Debtor of the pendency of the motion and afford him the opportunity to object, which Patten did. After Patten withdrew neither the Trustee nor the Court prohibited the Debtor from engaging substitute counsel or the Debtor had the right to proceed pro se as he has.

Debtor's second objection complains and argues that "the Bankruptcy Court did not arrange for Mr. Sann to appear telephonically with Taft Correctional Institution" and that he therefore was prevented from making an appearance and his due process rights would be violated by proceeding with the contempt proceeding. This argument misapprehends who is responsible

9

for arranging telephonic hearings.  This Court, except in its discretion, "will not conduct evidentiary hearings by telephone."  Mont. LBR 5074-1(a).  The Debtor and any party in interest is authorized to request the Court to hear a matter by video conference or telephone.  Mont. LBR 5074-1(a).  The Debtor made no request to appear at the March 10, 2016 hearing by video conference or by telephone.  It is not the Court's usual practice to conduct evidentiary hearing by telephone and the Debtor did not request to appear by video or telephone as he was allowed to by LBR 5074-1(a).  The Court sympathizes with the Debtor for his present circumstances, but his objection based upon the Court's failure to arrange for him to attend the hearing by telephone is contrary to longstanding Local Rule and not well taken.

The Ninth Circuit held in *In re Dyer* that when a bankruptcy court exercises its civil contempt authority under § 105(a) it may not impose serious punitive sanctions.  322 F.3d at 1195.  It recognized that "relatively mild" noncompensatory fines may be necessary under some circumstances.  *Id.* at 1193, citing *Zambrano v. Tustin*, 885 F.2d at 1473, 1479 (9th Cir. 1989).  This Court is authorized under § 105(a) to impose sanctions necessary to enforce the Bankruptcy Code, including civil contempt, compensatory damages, attorney fees and the offending party's compliance.  *Id.*

Under the uncontroverted facts set forth above this Court could impose compensatory sanctions, but the Trustee offered no evidence at the hearing upon which this Court could award compensatory sanctions and did not request specific sanctions other than holding the Debtor in contempt.  What remains is the Court's authority to impose sanctions necessary to enforce the Code and to coerce compliance.  *Dyer*, 322 F.3d at 1192.  A flat unconditional fine could be criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through

compliance and the fine is not compensatory. *Id.*, quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-38 (9th Cir. 2001).

Given the lack of specific relief requested in the Trustee's Motion and testimony, this Court concludes that holding the Debtor in civil contempt, without a monetary sanction, is reasonable, necessary and appropriate at this time to coerce Sann's compliance with his duties under the Bankruptcy Code. The Court specifies that Sann has the opportunity to reduce or avoid this sanction through compliance. *In re Dyer*, 322 F.3d at 1192; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d at 1138. The Trustee will be granted leave to file subsequent motions and request an evidentiary hearing to calculate compensatory sanctions should the Debtor fail to cure his contempt. *In re Dyer*, 322 F.3d at 1198.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this case under 28 U.S.C. § 1334(a).

2. The Trustee's Motion for contempt is a core proceeding under 28 11 U.S.C. § 157(b)(2)(A) concerning administration of the estate.

3. The Debtor Steven Vincent Sann is in civil contempt of this Court's Order, Ex. 1, to turn over funds and property of the estate to the Trustee. Sann failed his duty under 11 U.S.C. § 521(a)(3) to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties.

4. A finding that Steven Vincent Sann is in civil contempt is reasonable and appropriate for the time being in order to coerce Steven Vincent Sann's compliance with the Bankruptcy Code and this Court's Order. Such sanction is necessary to compel the Debtor's compliance with his duties under the Code and this Court's Order.

5.  Sann shall have the opportunity to reduce, avoid and/or recover this sanction through compliance. *In re Dyer*, 322 F.3d at 1192; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d at 1138. However, the Trustee shall be granted leave to file subsequent motions and request an evidentiary hearing to calculate compensatory sanctions. *In re Dyer*, 322 F.3d at 1198.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the Debtor's objection; granting the Trustee's Motion for contempt against Steven Vincent Sann and finding Steven Vincent Sann in civil contempt of this Court's Order, Ex. 1, subject to the terms and conditions provided above.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge