UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| In re | |
|---|---|
| **STEVEN VINCENT SANN**, | Case No. **14-61370-7** |
| Debtor. | |

# MEMORANDUM OF DECISION

At Butte in said District this 6th day of April, 2016.

In this Chapter 7 case, after notice, the Court held a hearing at Missoula on March 10, 2016, on the Trustee's Objection (Document No. 447) to Debtor's claims of exemption in a homestead, checking accounts, corporate stock, and ownership in a limited liability company Sann, LLC. The Debtor Steven Vincent Sann ("Debtor" or "Sann") filed a response in opposition (Doc. 470) contending that he is entitled to a homestead exemption under MONTANA CODE ANNOTATED ("MCA") § 31-2-106 under the doctrine of issue preclusion or collateral estoppel based on the decision which transferred venue of this case from the U.S. Bankruptcy Court for the District of Nevada and that a portion of the funds in his checking accounts are exempt income under MCA §§ 25-13-610 and 614. The Trustee Christy L. Brandon appeared and testified at the hearing in support of her Objection, represented by attorney Kyle W. Nelson of Goetz, Baldwin & Geddes, P.C., of Bozeman, Montana. No appearance was made by or on behalf of the Debtor, who currently is pro se after withdrawal of his attorneys and who is incarcerated in federal prison in Taft, California. Exhibits ("Ex.") 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 were admitted into evidence. At the conclusion of the Trustee's case-in-chief the Court took

1

the Trustee's Objection to exemptions under advisement. After review of the Trustee's Objection Debtor's response, the record and applicable law, this matter is ready for decision. The Court sustains the Trustee's Objection and disallows Debtor's claims of exemptions in homestead, bank accounts and entities.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a). Allowance of exemptions from property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND FACTS and PROCEDURAL HISTORY

Steven Sann recorded a declaration of homestead pursuant to MCA Title 70, Chapter 32, Parts 1, 2, and 3 on September 22, 1999. Ex. 9 is a copy of the recorded declaration of homestead, which describes the claimed homestead as "Tract A-2, COS No. 5701-TR, Ravalli County Records, Document No. 435943." The second page of Ex. 9 is the Certificate of Survey 5701-TR, which shows Tract A-2 as 4.24 acres west of another 20.76 acres identified as Tract A-1, with the two tracts separated by a railroad right of way. The Trustee testified that there is no declaration of homestead recorded for Tract A-1, and that the Debtor's house is located on the 20.76-acre tract of Tract A-1.

The Debtor filed a voluntary chapter 11 petition in Las Vegas, Nevada, on September 29, 2014. Ex. 6 is the petition Debtor filed in Las Vegas which lists his address as 10995 African Sunset Street in Henderson, NV, and lists his County of residence as Clark. Ex. 10 includes Debtor's Schedule A listing real property. Schedule A lists 4661 Torrey Lane in Stevensville, MT 59870 consisting of land, house, cabin and apartment on 20.760 acres, which is Tract A-1 on Ex. 9. Ex. 10 also includes Debtor's Schedule I which lists his monthly income as $0 and his

employment status as "not employed."

The Trustee testified that Sann testified at his § 341 meeting of creditors held in Las Vegas, that he last claimed 4661 Torrey Lane in Stevensville as his residence in 2012. Ex. 7 contains the signature page of Debtor's Statement of Financial Affairs ("SOFA"), with Sann's signature declaring that he read his answers on the SOFA and that they are true and correct. Item no. 15 on Ex. 7 lists Sann's prior addresses within the three years preceding the commencement of his bankruptcy case. Ex. 7 states that Sann lived at 4661 Torrey Lane in Stevensville from 04/1994 to 07/2012, and thereafter he occupied addresses in Henderson, NV.

The creditor Federal Trade Commission ("FTC") filed a motion to transfer venue of the case to the United States Bankruptcy Court for the District of Montana. After a hearing, the bankruptcy court in Nevada transferred venue of this case to the District of Montana on November 20, 2014. The court in Nevada noted that one of the Debtor's primary purposes for filing his bankruptcy in Nevada appeared to be to escape the exercise of jurisdiction by the Article III Court in Montana, and "that is exactly the kind of forum shopping that ought not to occur."[1]

On April 29, 2015, this Court granted the United States Trustee's motion to convert and converted this case to a case under Chapter 7. The Court found that "cause" was established under 11 U.S.C. § 1112(b)(4), and that conversion was in the best interests of creditors and the estate because of Debtor's excessive monthly "draws" for living expenses which were a substantial and continuing loss to and diminution of the estate; gross mismanagement of the estate shown by Debtor's diversion of funds carved out of an asset freeze imposed by the federal

---

[1] Memorandum of Decision entered in this case on April 29, 2015 (Doc. 248, p. 10).

district court in Montana, which were authorized for payment of mortgages and used instead to pay Sann's attorneys; Debtor's unexcused failure to file timely monthly operating reports and Form B26; and Debtor's failure to file a disclosure statement and plan. The Court found that conversion rather than dismissal was in the best interests of creditors and the estate. Debtor's appeal of the Order converting the case was unsuccessful. The order converting the case to Chapter 7 recently was affirmed by district court.

Christy L. Brandon was added to the case as Chapter 7 Trustee on April 30, 2015, and immediately filed an asset notice and request for claims bar date. Debtor filed his amended Schedules and Statements on May 22, 2015. On amended Schedule A Debtor listed fifty percent (50%) ownership in 20.760 acres of land, house, cabin and apartment located at 4661 Torrey Lane in Stevensville at a current value of $597,500 subject to a secured claim in the stated amount of $595,529.[2] The 20.76 acres corresponds to Tract A-1 on Ex. 9, p. 2.

Amended Schedule B lists interests in several nine (9) checking accounts at U.S. Bank, including five (5) accounts for which the amount reflects Debtor's 50% interest, and stock ownership in corporations identified as Emerica Media Corporation, Euro Pacific Capital, Sann LLC and Blue Stream Data, S.A.

Amended Schedule C lists Debtor's claims of exemption in the homestead, four checking accounts at U.S. Bank, one savings account at U.S. Bank and ownership of stock in Emerica Media Corporation, Blue Stream Data, S.A. and Sann, LLC. Under the column headed "Specify Law Providing Each Exemption" the Debtor listed Nevada statutes instead of Montana statutes.

---

[2] Amended Schedule D lists two creditors holding claims secured by 4661 Torrey Lane in Stevensville: Bank of America ("First Mortgage" in the amount of $377,289); and US Bank ("HELOC" in the amount of $218,240).

4

For the homestead the Debtor listed Nev. Rev. Stat. §§ 21.090(1)(I) and 115.050. For the bank accounts Debtor listed Nev. Rev. Stat. §§ 21.090(1)(g) for all five accounts, and § 21.090(1)(z) for the account ending in 7212. For Debtor's exemption in stock and business interests Debtor listed Nev. Rev. Stat. § 21.090(1)(bb).

The § 341 meeting of creditors was held at Missoula on July 1, 2015. Ex. 8 consists of excerpts from Sann's § 341 testimony. In response to questions by Trustee's counsel, Sann testified that prior to July 2012 and to the date he filed his Schedules Sann considered his permanent home and the place where he always intended to return as Nevada. Ex. 8. He considered Montana to be his home until sometime in 2008 and 2009 and, although he occupied Torrey Lane off an on throughout the years, his residence or domicile was Nevada.

The Trustee filed her Objections to Debtor's claims of exemptions in the homestead, bank accounts, stock and Sann, LLC, on October 23, 2015, on the grounds the Debtor did not record a declaration of homestead for Tract A-1 where the house on which 4661 Torrey Lane is located, and the Debtor claimed a Nevada residence. The Trustee objects to Debtor's exemption in the bank accounts because Debtor's Schedule I shows he had no income, which could be exempt; and objects to Debtor's claims of exemption in stock and Sann, LLC.

The Debtor filed his response in opposition to the Trustee's Objection on November 6, 2015. Debtor contends that the Nevada bankruptcy court's decision changing venue to this Court has preclusive effect on the issue of his residence in Montana and that he may claim an exemption in the homestead and bank accounts under Montana statutes.

## DISCUSSION

The United States Supreme Court wrote agreed that "exemptions in bankruptcy cases are

5

part and parcel of the fundamental bankruptcy concept of a 'fresh start.'" *Schwab v. Reilly*, 560 U.S. 770, 791 (2010) (quoting *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005)). An exemption is presumed valid, and under Fed. Rule Bankr. P. 4003(c) an objecting party has the burden of producing some evidence to rebut that presumption. *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999).

Debtor listed his homestead exemption and exemptions in accounts, stock and Sann, LLC, in his amended Schedule C pursuant to 11 U.S.C. § 522(b)(2) and F.R.B.P. 4003(a). The provision of § 522(b)(2) in effect in this case applies state or local exemption law that is applicable to the debtor under paragraph (3)(A). The bankruptcy court in Nevada changed venue to this district in Montana. Debtor did not seek or obtain reconsideration of that venue change and did not file a notice of appeal; the venue change to Montana appears to be final.[3]

Pursuant to § 522(b)(2), Montana has opted out of the federal exemption scheme by means of MCA § 31-2-106.[4] *In re Wright*, 525 B.R. 464, 471 (Bankr. D. Mont. 2015); *In re Moore*, 21 Mont. B.R. 255, 257 (Bankr. D. Mont. 2006). This Court thus looks to Montana state law rather than federal law, or Nevada law, to determine the allowance of the Debtor's claimed exemptions in a homestead, bank accounts, stock and Sann, LLC. *In re Wright,* 525 B.R. at 471;

---

[3] In Debtor's response (Doc. 585) to the Montana Department of Revenue's objection to exemptions (Doc. 563), which was not heard on March 10, 2016, the Debtor argues that there are still open questions as to whether Sann's domicile was Nevada or Montana from 2007 to 2014. While Debtor may still have questions, he did not file a timely notice of appeal or request reconsideration of the order changing venue to Montana, so venue in Montana is final.

[4] Section 31-2-106 provides in pertinent part: "**Exempt Property – bankruptcy proceeding**: An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 70, chapter 32, . . . ."

*In re Moore*, 21 Mont. B.R. at 257; *In re Loeb*, 12 Mont. B.R. 524, 527 (Bankr. D. Mont. 1993).

Under Montana law, homestead and exemption statutes must be liberally construed in favor of debtors. Constitution of the State of Montana, Article XIII, Section 5; *In re Wright,* 525 B.R. at 471; *In re Moore*, 21 Mont. B.R. at 257-58; *MacDonald v. Mercill* (1986), 220 Mont. 146, 714 P.2d 132, 135; *De Fontenay v. Childs* (1933), 93 Mont. 480, 485, 19 P.2d 650, 651. This Court summarized the liberal policy underlying construction of Montana's homestead exemption in *In re Burnett*, 17 Mont. B.R. 509, 516 (Bankr. D. Mont. 1999):

> Montana's Constitution and case law require that the homestead be liberally construed in favor of the claimant. Constitution of the State of Montana, Article XIII, section 5; *In re Mackenzie*, 16 Mont. B.R. 338, 343 (Bankr. [D.] Mont. 1998); *Neel v. First Fed. Sav. and Loan Assoc. of Great Falls*, 207 Mont. 376, 383, 675 P.2d 96, 100 (1984); *Oregon Mortgage Co. v. Dunbar*, 87 Mont. 603, 289 P. 559 (Mont. 1930); *Glass v. Hitt (In re Glass)*, 60 F.3d 656, 570 (9th Cir. 1995).

Because Montana exemption statutes control under § 522(b)(2) and MCA § 31-2-106, this Court must sustain the Trustee's Objection to each of the Debtor's claimed exemptions on procedural grounds because all of his claimed exemptions on amended Schedule C are based on Nevada statutes, not Montana statutes. With the change of venue of this case to Montana, Nevada exemption statutes simply do not apply. MCA § 31-2-106. The Debtor recognized that in his response where he suggests that he is entitled to exemptions in the homestead and checking accounts under Montana statutes.

This Court must decide the Trustee's Objection pending before it; subject, however, to the Debtor's right to file amended Schedules. The Ninth Circuit affirmed the Bankruptcy Appellate Panel's reversal of a decision of this Court in *Michael v. Martinson v. Michael (In re Michael)*, 168 F.3d 526, 529 (9th Cir. 1998), holding that a debtor's postpetition amendment of

7

schedules to claim a homestead exemption is liberally allowed under Bankruptcy Rule 1009(a), unless a trustee establishes by clear and convincing evidence that the debtor acted in bad faith. *See also In re Wright*, 525 B.R. 464, 469 (Bankr. D. Mont. 2015), citing *Michael*. Thus, while this Court sustains the Trustee's Objection to exemptions on procedural grounds at this stage, the Court cannot under *Michael* prevent the Debtor from amending his Schedules to claim exemptions properly with citations to Montana law. Neither can the Court make a finding at this time whether such amendment would be made in bad faith or of prejudice to creditors. *Michael*, 163 F.3d at 529, citing *In re Doan*, 672 F.2d 831, 833 (11th Cir. 1982) (per curiam); *In re Andermahr*, 30 B.R. 532, 533 (9th Cir. BAP 1983).

In addition to denying Debtor's exemptions on procedural grounds, the Court sustains the Trustee's Objection on other grounds. Debtor's response does not address the Trustee's Objection with respect to his claims of exemptions in stock and Sann, LLC. His response addresses only the claimed exemptions in the homestead and bank deposits. Accordingly, the Trustee's Objection to Debtor's claims of exemption in corporate stock and Sann, LLC, may be and are sustained based on the Debtor's failure to respond to those objections with specificity.

With respect to the homestead at 4661 Torrey Lane on 26.760 acres, the Trustee testified that there is no recorded declaration of homestead for the 26.760 acres on which the house on Tract A-1 is located. The Trustee's testimony is uncontroverted. Ex. 9 shows that the declaration of homestead on record describes Tract A-2, not Tract A-1. Under Montana law a declaration must be recorded for a claimed homestead in the office of the county clerk in which the land is situated. MCA § 70-32-107; § 70-32-105 ("Mode of selection – declaration required"). Because there is no recorded declaration of homestead for Tract A-1 and because of

the Debtor's § 341 testimony and statements on Ex. 7 that his residence since 2012 has been Nevada, not 4661 Torrey Lane, the Trustee's Objection to Debtor's claim of exemption on Tract A-1 is sustained. The Objection also is sustained because Debtor claims a homestead exemption in the sum of $550,000, which exceeds the $250,000 limitation on value of MCA § 70-32-104.[5]

With respect to the amounts in U.S. Bank checking accounts, Debtor's response argues that he may claim the deposits exempt under MCA § 25-13-610 ("Tracing exempt personal property") and § 25-13-614 ("Earnings of judgment debtor"). Ex. 10 shows Debtor's Schedule I statements that he has $0 monthly earnings. Debtor's amended SOFA at item 1 states that he had $0 in income from employment or operation of business in 2013. The Trustee's objection to Debtor's claims of exemption in bank accounts on the grounds the Debtor has no earnings is well taken based upon Debtor's statements in his Schedule I and SOFA.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above sustaining the Trustee's Objection and disallowing Debtor's claims of exemptions in the following:

1. 4661 Torrey Lane, Stevensville, MT 59870, consisting of land, house, cabin and apartment on 20.76 acres;

2. U.S. Bank account nos. ending in 7212, 6474, 1045, 7818 and 6505;

---

[5] The Court notes the existence of decisions where a homestead may be valid despite a temporary absence, where a debtor exhibited an intent to return to reside at the homestead. *See, e.g., In re Anderson*, 2012 WL 1110056, *6-*7 (Bankr. D. Mont.); *In re Schmitz*, 16 Mont. B.R. 512, 515-18 (Bankr. D. Mont. 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 341-43 (Bankr. D. Mont. 1998); *In re Loeb*, 12 Mont. B.R. 524, 527-28 (Bankr. D. Mont. 1993); *but see In re Schuster*, 2006 WL 2711800 (D. Mont.) (homestead invalid because the debtor did not reside at the homestead when the declaration was recorded).

3. Stock in Emerica Media Corporation;

4. Membership in Sann, LLC; and

5. Stock in Blue Stream Data, S.A.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge